IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. WALSH, III | : | CIVIL ACTION |
| *Plaintiff Pro se* | : | |
| | : | |
| v. | : | |
| | : | |
| JUDGE ROBERT MARIANI, *et al.* | : | NO. 16-1269 |
| *Defendants* | : | |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.[1]                                        JULY 12, 2016

### INTRODUCTION

Plaintiff John R. Walsh, III ("Plaintiff") initiated this civil action against the Honorable Robert Mariani, United States District Court Judge, Louis DeNaples, Alliance Landfill, the Pennsylvania Department of Environmental Protection, the "U.S. Department of Environmental Protection," "all local, state and federal authorities," and "all companies municipalities or entities." Walsh seeks leave to proceed *in forma pauperis*. For the reasons set forth, this Court will grant Walsh leave to proceed *in forma pauperis*, and will dismiss his complaint.

### FACTS

In his complaint, Plaintiff alleges that Judge Mariani "dismissed a case against Louis DeNaples for whatever reason siding with the Keystone 'Sanitary' Landfill and the Alliance Landfill] [sic], after [being] given able evidence to the contrary to bring a case to trial." (Compl. ¶ 1.) Accordingly, Walsh contends that Judge Mariani "set himself for the charge of

---

[1] The Honorable Nitza I. Quiñones Alejandro of the Eastern District of Pennsylvania is sitting by designation pursuant to 28 U.S.C. § 292(b).

1

'OBSTRUCTION OF JUSTICE' felony offense." (*Id.* ¶ 2.) A review of the public dockets reflects that Judge Mariani recently dismissed a civil case that Walsh filed against Louis DeNaples (doing business as Keystone Sanitary Landfill) and Alliance Landfill. *See Walsh v. DeNaples*, M.D. Pa. Civ. A. No. 16-503.

In the complaint, Walsh provides his general thoughts about government and the environment, including his belief that "it is in the best interest of We the People future to embark on the mission of cleaning up the environment." (Compl. ¶ 5.) In that regard, Walsh alleges that

> WE the PEOPLE shall take charge of cleaning up the messes created by such endeavors as the Keystone 'Sanitary' Landfill, Alliance Landfill and all toxic sites and charge it back to the ones responsible and hold each entity accountable, including companies, municipalities and all that can be found in contempt of We the People.

(*Id.* ¶ 6.) He asks the Court to endorse a proposed order allotting one trillion dollars "AGAINST THE FEDERAL RESERVE AS SEEN AS SEED MONEY FOR WE THE PEOPLE TO RECOVER AS MUCH AS POSSIBLE TO RETURN THIS MONEY TO THE FEDERAL RESERVE FOR THE PURPOSE OF CLEANING UP ALL SITES DEEMED TOXIC" for the benefit of future generations.

**STANDARD OF REVIEW**

Walsh's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. However, 28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss a complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally groundless if it is "based on an indisputably meritless legal theory." *Deutsch v. United*

*States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Courts may dismiss a lawsuit as legally frivolous when a plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215, 217 (3d Cir. 2005) (per curiam). As Walsh is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

"[T]o establish standing, a plaintiff must show (1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Governor of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) (quotations omitted). Here, the majority of Walsh's allegations appear to concern his generalized grievance that local and state governments, as well as the federal government, are failing to sufficiently protect their citizens from environmental hazards. Furthermore, with the possible exception of Judge Mariani, Walsh has not stated with any specificity how any of the defendants' acts or omissions caused him a concrete and particularized injury as opposed to generally harming the public at large. Accordingly, Walsh lacks standing to

pursue his claims based on harm to the environment, or to obtain the relief he seeks on behalf of the public.

Further, Walsh's claims against Judge Mariani lack a basis in law. To the extent Walsh sought to prosecute Judge Mariani for obstruction of justice, his claims are legally without merit because a private citizen cannot require the federal government to initiate criminal proceedings. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (*per curiam*) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond all reasonable doubt that the prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties, and federal courts lack the power to direct the filing of criminal charges[.]" (citations, quotations, and alteration omitted)), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). To the extent Walsh's complaint can be liberally construed as raising claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violating Walsh's constitutional rights by dismissing his lawsuit, Judge Mariani is entitled to absolute judicial immunity from any such claims. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*).

**CONCLUSION**

For the foregoing reasons, Walsh's complaint is dismissed as legally baseless. Walsh will not be given leave to amend because amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds

of bad faith, undue delay, prejudice, or futility."). An appropriate Order follows, which shall be docketed separately.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. WALSH, III : | | CIVIL ACTION |
| *Plaintiff Pro se* : | | |
| : | | |
| v. : | | |
| : | | |
| JUDGE ROBERT MARIANI, *et al.* : | | NO. 16-1269 |
| *Defendants* : | | |

# O R D E R

**AND NOW**, this 12th day of July, 2016, upon consideration of Plaintiff John R. Walsh, III's motion to proceed *in forma pauperis* (Document No. 2) and his *pro se* complaint (Document No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. The complaint is **DISMISSED** with prejudice for the reasons stated in the Court's memorandum.

3. The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

*/s/ Nitza I. Quiñones Alejandro*
NITZA I. QUIÑONES ALEJANDRO
*Judge, United States District Court*